1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11  RUSSO BAILEY,                                    Case No. 10cv0367 BTM(CAB)

12                                  Plaintiff,       **ORDER GRANTING MOTION TO
                 v.                                  DISMISS COMPLAINT AND
13                                                   DENYING MOTION FOR
                                                     SANCTIONS**
14  D. ROOT; D. HOLLISTER; WILLIAM
    LANDSDOWNE, CITY OF SAN DIEGO,
15  STAR TOWING, DEPARTMENT OF
    MOTOR VEHICLES FOR THE STATE
16  OF CALIFORNIA, 5 UNKNOWN POLICE
    DEPUTIES,
17
                                 Defendants.
18

19         The City of San Diego (the "City") has filed a motion to dismiss Plaintiff's Complaint

20  for failure to state a claim.  Plaintiff Russo Bailey ("Plaintiff"), proceeding pro se, has filed

21  motion for sanctions against the City.  For the reasons discussed below, the City's motion

22  to dismiss is **GRANTED**, and Plaintiff's motion for sanctions is **DENIED**.

23

24                          **I.  <u>FACTUAL BACKGROUND</u>**

25         Plaintiff commenced this action on February 16, 2010.

26         Plaintiff's Complaint arises out of two incidents during which (1) Plaintiff was issued

27  a Notice to Appear by San Diego police officers for operating a motorcycle without having

28  a proper motorcycle license or endorsement; and (2) the police officers took possession of

1   Plaintiff's motorcycle and had it towed away by Star Towing.

2   　　The first incident took place on July 1, 2006, and was the subject of a lawsuit Plaintiff

3   filed in 2007 against defendants Hollister, Landsdowne, the City of San Diego, Star Towing,

4   the DMV, and others.  (Bailey v. Hollister, et al., 07cv2243 JM(NLS)).

5   　　The second incident took place on September 7, 2009.

6   　　Plaintiff's Complaint sets forth six "causes of action" and seven "claims for relief."

7   Construing the Complaint liberally, Plaintiff's legal claims can be reduced to the following:

8   (1) a claim under 42 U.S.C. § 1983 for false arrest; (2) a claim under 42 U.S.C. § 1983 for

9   unlawful seizure of property and violation of his due process rights; (3) a claim under 42

10  U.S.C. § 1983 for excessive force; (4) a Monell claim against the City; (5) a claim for violation

11  of 42 U.S.C. §§ 1985, 1986; (6) violation of various California Penal Code provisions; and

12  (7) violation of the California Constitution.

13

14  ## II.  STANDARD

15  　　A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted

16  only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to

17  support a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th

18  Cir. 1988).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's

19  complaint are taken as true and construed in the light most favorable to the plaintiff.  See

20  Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).   Although

21  detailed factual allegations are not required, factual allegations "must be enough to raise a

22  right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct.

23  1955, 1965 (2007).   "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to

24  relief' requires more than labels and conclusions, and a formulaic recitation of the elements

25  of a cause of action will not do." Id.  "[W]here the well-pleaded facts do not permit the court

26  to infer more than the mere possibility of misconduct, the complaint has alleged - but it has

27  not show[n] that the pleader is entitled to relief."  Ashcroft v. Iqbal, __ U.S. __, 129 S,Ct.

28  1937, 1950 (2009) (internal quotation marks omitted).

**III.  DISCUSSION**

**A.  Motion to Dismiss**

The City contends that Plaintiff's Complaint should be dismissed for failure to state a claim.  Upon review of the Complaint, the Court agrees with the City.

To the extent Plaintiff's claims are based on the July 1, 2006 incident, Plaintiff's claims are barred under the doctrine of res judicata.  "Res judicata" encompasses both claim preclusion and issue preclusion.  Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008).  Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."  New Hampshire v. Maine, 532 U.S. 742, 748 (2001).  For purposes of claim preclusion, "identity of claims" exists when two suits arise from "the same transactional nucleus of facts."  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001).  Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment."  New Hampshire, 532 U.S. at 748-49.

In Bailey v. Hollister, et al., 07cv2243 JM(NLS), Plaintiff sued Hollister, Landsdowne, the City of San Diego, Star Towing, the DMV, and others for violating his civil rights in connection with the July 1, 2006 incident.  Plaintiff's claims against the DMV were dismissed without prejudice on grounds of sovereign immunity.  (Doc. No. 3.)  In an order filed on November 3, 2008, Judge Miller granted summary judgment in favor of the City defendants on Plaintiff's Monell claim and Plaintiff's claims for false arrest, use of excessive force, unlawful deprivation of property, and violation of 42 U.S.C. § 1986.  Final judgment was entered on December 11, 2008.

In this case, Plaintiff makes almost identical claims against Hollister, Landsdowne, the City of San Diego, and Star Towing based on the July 1, 2006 incident.  These claims are barred by the doctrine of res judicata and are dismissed with prejudice.

Furthermore, Plaintiff's claims based on the July 1, 2006 incident are time-barred.  The applicable limitations period is two years.  Carpinteria Valley Farms, Ltd. v. County of

3

1    Santa Barbara, 344 F.3d 822, 828 (9th Cir. 2003); Cal. Civ. Proc. Code § 335.1.  At the time

2    Plaintiff filed his prior suit on June 25, 2007, almost half of the limitations period had run (359

3    days).  The statute of limitations was tolled until, at the latest, January 10, 2009 (the last day

4    for filing an appeal from the December 11, 2008 judgment).  The remaining 371 days of the

5    limitations period expired on January 16, 2010.  Therefore, Plaintiff's Complaint, which is

6    dated February 11, 2010, and was filed on February 16, 2010, was untimely.

7         Plaintiff's claims based on the September 7, 2009 incident also fail.  Plaintiff alleges

8    false arrest in connection with the September 7, 2009 incident.  However, it appears from

9    the allegations of the Complaint that Plaintiff's false arrest claim is barred by Heck v.

10   Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held that a section 1983 claim

11   must be dismissed if a judgment in favor of the plaintiff would necessarily "imply the invalidity

12   of his conviction or sentence" and the conviction has not been reversed, expunged,

13   or called into question by issuance of a writ of habeas corpus.  Id. at 486-87.  Plaintiff alleges

14   that he was found guilty of the Vehicle Code violations for which he was cited.  (Compl. ¶¶

15   18-19.)  Plaintiff's false arrest claim necessarily implies that his conviction was invalid.  See

16   Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998).  Plaintiff does not

17   allege that his conviction was expunged or otherwise set aside.  Therefore, the Court

18   dismisses this claim but grants Plaintiff leave to amend his Complaint to plead any facts that

19   would show that his false arrest claim is not barred by Heck.[1]

20        As in his prior case, Plaintiff alleges that he was "vehicle jacked" and "robbed of

21   property."  The Complaint itself does not contain factual allegations explaining how he was

22   deprived of his vehicle.  However, it appears that Plaintiff is complaining about the towing

23   of his vehicle after he was issued the Notice to Appear for operating a motorcycle without

24   a valid driver's license or endorsement in violation of Cal. Veh. Code § 12500(b).  The

25   doctrine of issue preclusion bars this claim because Plaintiff litigated this exact same issue

26   _____

27        [1]  Plaintiff may also be attempting to sue under 42 U.S.C. § 1983 for improper delay
     in his arraignment and violation of his right to a speedy trial.  (Compl. ¶ 19.)  However, this
28   claim would also imply the validity of his conviction and would be Heck-barred.  See Byrd v.
     Teater, 2008 WL 958194 (E.D. Cal. 2008).

1  against the City in Plaintiff's prior case.  Judge Miller granted summary judgment in favor of

2  the City defendants on Plaintiff's claim for unlawful deprivation of property.  Judge Miller

3  pointed out that Cal. Veh. Code § 22651(p) permits a peace officer to remove a vehicle after

4  issuing the driver a notice to appear for a violation of § 12500, and held that the seizure of

5  a vehicle pursuant to this provision does not violate due process.  (Doc. Nos. 50, 78.)  See

6  also Mohammed El v. Opdyke, 2004 WL 1465692, at * 3 (N.D. Cal. June 23, 2004) (holding

7  that an officer did not commit a constitutional violation by refusing to allow plaintiff access

8  to his vehicle pursuant to Cal. Veh. Code § 22651(p).)  Accordingly, the Court dismisses this

9  claim.

10      Plaintiff uses the words "assault" and "excessive force" in his Complaint (Compl. ¶¶

11  25, 27), but does not set forth any facts regarding the use of force against him during the

12  September 7, 2009 incident.  Therefore, this claim is also dismissed.

13      Plaintiff's Monell claim fails because Plaintiff has not stated a claim for a constitutional

14  violation.

15      Plaintiff alleges that unknown police deputies witnessed civil rights violations against

16  him and made no attempt to prevent those violations in contravention of 42 U.S.C. § 1986.

17  Section 1986 provides:  "Every person who, having knowledge that any of the wrongs

18  conspired to be done, *and mentioned in section 1985 of this title*, are about to be committed,

19  and having power to prevent or aid in preventing the commission of the same, neglects or

20  refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his

21  legal representatives, for all damages caused by such wrongful act . . . ." (Emphasis added.)

22      It appears that Plaintiff alleges a violation of § 1985(3), which provides a cause of

23  action where "two or more persons in any State or Territory conspire or go in disguise on the

24  highway or on the premises of another, for the purpose of depriving, either directly or

25  indirectly, any person or class of persons of the equal protection of the laws, or of equal

26  privileges and immunities under the laws."  Racial or some other class-based animus is an

27  essential requirement of a claim under the first clause of § 1985(3). Griffin v Breckenridge,

28  403 U.S. 88 (1971).  "To establish racial or class-based animus, a plaintiff must show

10cv0367 BTM(CAB)

'invidiously discriminatory motivation . . . behind the conspirators' action.'" Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (quoting Griffin, 403 U.S. at 102).

The Complaint does not contain any factual allegations showing that Defendants discriminated against Plaintiff based on race or membership in a class. Therefore, Plaintiff's § 1986 claim is dismissed.

Plaintiff alleges violations of miscellaneous California criminal statutes including Penal Code 211 (robbery), Penal Code 213 (robbery; degrees),  Penal Code 209 (kidnapping), Penal Code § 825 (appearance before magistrate); Penal Code § 1049.5 (trial date; felony cases); and Penal Code § 686 (defendants' rights).  However, these statutory provisions do not provide for civil enforcement.  Therefore, Plaintiff lacks standing to sue for their violation. See Ellis v. City of San Diego, 176 F.3d 1183, 1189 (1999) (holding that district court properly dismissed claims brought under the California Penal Code because the code sections did not create enforceable individual rights).

In Paragraph 31 of the Complaint, Plaintiff alleges that the California Constitution was violated. However, Plaintiff does not specify what provision of the California Constitution was violated and how it was violated.  The only specific provision of the California Constitution Plaintiff mentions in the Complaint is Article 1, § 15, which provides that a defendant in a criminal case "has the right to a speedy public trial." (Compl. ¶ 19.)   However, it appears that there is no tort cause of action for the violation of this constitutional provision.  See Walker v. County of Santa Clara, 2005 WL 2437037 (N.D. Cal. 2005); Reinhardt v. Santa Clara County, 2006 WL 662741 (N.D. Cal. 2006).  Plaintiff cites to Cal. Civil Code § 52.1, which authorizes a civil action in the case where a "person or persons . . . interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state . . . ."  However, § 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion."  Jones v. Kmart Corp., 17 Cal. 4th 329, 334 (1998).  Plaintiff's Complaint does not allege any coercion in connection with the

6

alleged violation of his speedy trial rights.  Therefore, Plaintiff has not stated a claim for violation of his right to a speedy trial or any other right guaranteed by the California Constitution.

All of Plaintiff's claims against the DMV are barred by the Eleventh Amendment, which prohibits suits against a state or its agencies or departments for legal or equitable relief.  Papasan v. Allain, 478 U.S. 265, 276 (1986).  "The state of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity."  Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (internal quotation marks and citations omitted).  Accordingly, Plaintiff's claims against the DMV are dismissed with prejudice.

Finally, Plaintiff's claims against Police Chief William Lansdowne are dismissed for the additional reason that they rest upon the theory of respondeat superior.  (Compl. ¶ 32.)  Respondeat superior is not a viable theory of liability in § 1983 cases.  Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978).

**B.  Motion for Sanctions**

In opposition to the City's motion to dismiss, Plaintiff filed a motion for Rule 11 sanctions.  Plaintiff contends that the City filed the motion to dismiss in bad faith and for purposes of harassment.

Plaintiff's motion for sanctions is denied.  Plaintiff did not comply with Rule 11's "safe harbor" requirement, which provides that a party seeking sanctions must give the opposing party 21 days after service of the motion to "withdraw or appropriately correct[ ]" the challenged paper, claim, defense, contention, or denial."  The safe harbor provision is strictly enforced.  Holgate v. Baldwin, 425 F.3d 671, 678 (9th Cir. 2005).  Because Plaintiff did not comply with the safe harbor provision, Plaintiff's motion for sanctions is denied.  Plaintiff's motion is also denied because he has failed to establish that the City brought the motion for any improper purpose.

7

## IV.  CONCLUSION

For the reasons discussed above, the City's motion to dismiss is **GRANTED**. Plaintiff's claims against Defendants based on the July 1, 2006 incident are **DISMISSED WITH PREJUDICE**.   All of Plaintiff's claims against the DMV are **DISMISSED WITH PREJUDICE**.  Plaintiff's claims based on the September 7, 2009 incident are **DISMISSED** with leave to amend.  Plaintiff may file an amended complaint correcting the deficiencies noted above on or before July 29, 2010.  Failure to do so will result in the closing of this case.

**IT IS SO ORDERED.**

DATED:  July 14, 2010

Honorable Barry Ted Moskowitz
United States District Judge

10cv0367 BTM(CAB)